UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10753-GAO

ROBERT R. GAMBEE,
Plaintiff,

v.

WELLS FARGO BANK, N.A., and
HSBC BANK USA, N.A., AS TRUSTEE
FOR MLMI 2006-AF/2,
Defendants.

ORDER ON PENDING MOTIONS
January 8, 2014

O'TOOLE, D.J.

In his Complaint, filed *pro se*, the plaintiff claims, in brief, that in 2006 the defendants fraudulently or deceptively induced him to borrow $5 million from them and to give them, to secure the loan, a mortgage on property he owned in Nantucket. He claims they later improperly failed to permit him to negotiate a modification of the loan terms to enable him to avoid defaulting on the loan. He did default and the mortgage was foreclosed in 2010 and the property sold to a third party. The Complaint was filed March 1, 2013, in state court and then removed here by the defendants. It asserts four causes of action: fraud, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

Both defendants answered and then moved separately for judgment on the pleadings. After the motions were filed, but before the plaintiff submitted any response, the Court held a scheduling conference with the parties on July 22, 2013. A schedule for fact discovery was established, and a status conference was set for January 6, 2014. In addition, the plaintiff was

directed to file a response to the pending motions. He did so about ten days later, accompanied by a request that he be given time to seek counsel to represent him. While that motion was not formally granted at the time, in fact he had several months between the scheduling conference and the status conference date to seek counsel. His *pro se* opposition to the motions, while not in the polished form to be expected of a member of the bar, was coherent and informative.

The status conference was held as scheduled, but only counsel for the defendants was present, and neither the plaintiff nor counsel on his behalf, appeared. The Court did not hear argument from the defendants but indicated that it would address the pending motions on the papers.

After review of the relevant pleadings and submissions, both motions for judgment on the pleadings are now granted, substantially for the reasons argued in the respective papers submitted by the defendants.

In brief, the plaintiff's claims arising from the origination of the loan and mortgage in 2006 are barred by applicable statutes of limitations, whether three years for tort-based claims or six for contract-based claims, since the action was commenced more than six years after the closing of the loan and execution of the mortgage. To the extent that the equitable doctrine of laches rather that a statutory limitation period applies to the claim for unjust enrichment, the six and a half year delay by the plaintiff in seeking relief is enough to invoke that doctrine to bar the claim. The discovery rule does not help the plaintiff, since the documentation of the closing was either known or knowable to him at the closing, and that documentation would have revealed what he know says is the factual basis for his claims, that the defendants intentionally arranged the overstatement of his income to obtain approval of a loan he was not qualified for.

Claims related to the defendants' failure to negotiate a loan modification are also barred by the three year limitations period for torts. The Complaint does not allege facts sufficient to sustain a claim that the defendants had a contractual duty to negotiate a modification, so any wrong would have been tortious in nature. (For the same reason, the Complaint does not adequately allege a breach of the implied covenant of good faith for failure to negotiate a modification, since the covenant is only implied where there is a contract.)  The wrong alleged necessarily occurred prior to the foreclosure sale, which was on January 28, 2010, and suit was commenced more than three years later.

There is likewise merit to the Wells Fargo's arguments that the Complaint fails to meet the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure.

Finally, HSBC is correct that the Complaint fails to allege actionable claims at all against it.

Wells Fargo's Motion for Judgment on the Pleadings (dkt. no. 10) and HSBC's Motion for Judgment on the Pleadings (dkt. no. 12) are both GRANTED. Judgment shall enter in favor of the defendants.

It is SO ORDERED.

                                                                     /s/ George A. O'Toole, Jr.
                                                                        United States District Judge